UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-01704-LJO-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

Plaintiff James Bowell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 23, 2013. (ECF No. 1.) His complaint is now before the Court for screening.

### II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### III. SUMMARY COMPLAINT

The Complaint identifies the following Defendants: (1) Corcoran State Prison; (2) R. McMurrey, Correctional Officer (CO); (3) P. Maldonado, CO; (4) J. DePond, CO; (5) H. Vera, CO; (6) D. Hicks, CO; (7) D. Berna, CO Sergeant; (8) J. Huewe, CO; (9) M. Ortega, CO; (10) R. Simpriciano, CO; (11) A. Capona, CO; and (12) V. Dackerman, Nurse.

Plaintiff alleges the following:

On October 31, 2012, Plaintiff told Defendant Maldonado that his cellmate, inmate Ortiz, was threatening him and that he feared for his safety.  Maldonado told Defendant McMurrey to remove Plaintiff from the cell.  McMurrey did not respond, so Plaintiff tapped on the cell door window with his cup.  The window cracked and McMurrey signaled an alarm.  Defendants Depond, Hicks, Vera, and Berna responded and Plaintiff was handcuffed behind his back before the cell door was opened.  Hicks and Berna struck Plaintiff while he was on the ground.  As Depond and Vera picked Plaintiff up they rammed Plaintiff's right shoulder into a sharp steel door frame and slammed his face into the concrete tier.  Plaintiff was complying with the officers' commands during the attack.  (Compl. at 3.)

Plaintiff was taken to a program office while Defendants McMurrey and Maldonado allowed Ortiz to pack Plaintiff's belongings.  Plaintiff's television was left behind and found with another prisoner the following day.  McMurrey recovered the television and returned it to Plaintiff immediately.  (Id. at 4 and 36.)  In the program office Defendant Capona asked Plaintiff to make a list of his enemies.  Plaintiff was placed on a yard with prisoners known to be hostile to Plaintiff.  (Id. at 4.)

On January 29, 2013, Defendant Huewe allowed inmate Patterson to enter Plaintiff's cell during yard time. Defendants Huewe and Ortega caught Patterson stealing Plaintiff's television. Patterson then attacked Plaintiff, causing serious bodily injury, and Defendant Huewe reported Plaintiff for fighting. (Id. at 5.) Plaintiff was sent to the prison hospital where Defendant Dackerman falsely reported, "'Patient stated he is no longer a rapist, but is not.'" (Id. at 6.) A prior classification document incorrectly stated that Plaintiff was serving time for rape. On April 5, 2012 Defendant Simpliciano gave another inmate Plaintiff's classification documents that included the false assertion of rape. (Id. at 4.)

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

3

plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.     Eleventh Amendment Immunity

Plaintiff names Corcoran State Prison as a Defendant in this action. The Eleventh Amendment "'erects a general bar against federal lawsuits brought against a state.'" Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)). Plaintiff may not bring suit against the California Department of Corrections and Rehabilitation (CDCR) because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Because Corcoran is a part of the CDCR, a state agency, it is also entitled to Eleventh Amendment immunity from suit. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity).

### C.     Eighth Amendment

#### 1.     Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9)

(quotation marks omitted).  Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

Plaintiff alleges that he tapped on his cell door window with a cup and the glass cracked.  Defendants Depond, Hicks, Vera, and Berna responded to the ensuing alarm sounded by Defendant McMurrey.  Hicks and Berna hit Plaintiff while he was on the ground and Depond and Vera rammed Plaintiff's shoulder into a door frame as they picked him up and then slammed his face into a concrete tier.  Plaintiff maintains that he was handcuffed behind his back before the Defendants entered the cell and was complying with the officers commands at all times.

Plaintiff raises serious allegations that may be sufficient to state an Eighth Amendment claim against Defendants Depond, Hicks, Vera, and Berna.  However, as pled, the Court cannot determine whether these four Defendants acted in good-faith to restore order or maliciously and sadistically to cause harm.  Plaintiff does not describe the events in chronological order so it is unclear what threat, if any, the Defendants may have perceived.  Plaintiff contends that he was handcuffed and compliant but does not describe what Plaintiff and his cellmate were doing inside the cell at the time, how and

why the Defendants entered the cell, when in the course of the described events the handcuffs were applied, or how exactly Plaintiff ended up on the floor. The assertions regarding Defendants' motivations appear to be based on conjecture and surmise, not fact; certainly Plaintiff has alleged no facts to support the claim. Finally, Plaintiff does not describe how Defendants Maldonado and McMurrey participated in the violations alleged.

The Complaint fails to state an excessive force claim. Plaintiff will be given an opportunity to amend. To state a claim Plaintiff must fully describe the events underlying his claim and, to enable the Court to understand it, he should do so in chronological order. The allegations must demonstrate that the Defendants used force maliciously to cause harm and not in a good-faith effort to restore order. Wilkins, 559 U.S. at 34.

### 2. Failure to Protect

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation,

6

Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847.

Plaintiff alleges that after the altercation in his cell on October 31, 2012 he was taken to a program office to determine a safe housing location.  Defendant Capona asked Plaintiff to list his enemies and he did.  Nevertheless, Plaintiff was placed on a yard where he was attacked on January 29, 2013.

These factual allegations do not establish that Defendant Capona acted with deliberate indifference.  Alleging that Defendant Capona housed Plaintiff on a yard on October 31, 2012 where he was attacked approximately three months later does not state a plausible deliberate indifference claim.  Plaintiff does not identify a specific risk of harm that Defendant Capona knowingly disregarded.  The mere possibility that Defendant Capona acted deliberately with knowledge of the risk is not sufficient to state a claim.  Iqbal, 129 S.Ct. 1949-50.

Plaintiff will be given an opportunity to amend.  An Eighth Amendment failure to protect claim requires plausible factual allegations demonstrating that a Defendant knowingly disregarded a substantial risk of harm to Plaintiff's safety.

### D. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005);

1 accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104;
2 Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

3     Plaintiff alleges Defendants Depond, Hicks, Vera, and Berna used excessive
4 force during the cell extraction on October 31, 2012 in retaliation against Plaintiff "for
5 filing lawsuits and CDC-602 grievances against prison guards." (Compl. at 3.) Filing a
6 grievance and pursuing civil rights litigation are protected by the First Amendment.
7 Silva, 658 F.3d at 1104. However, the allegations set forth in the Complaint are not
8 sufficient to establish that Plaintiff's protected conduct was the substantial or motivating
9 factor behind the Defendants' actions. Brodheim, 584 F.3d at 1271 (citing Soranno's
10 Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).

11     In this Circuit, Plaintiff need "only put forth evidence of retaliatory motive that,
12 taken in the light most favorable to him, presents a genuine issue of material fact as to"
13 Defendant's motivation. Id. (citing Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003))
14 (internal quotation marks omitted). Plaintiff maintains that he complained of a safety risk
15 inside his cell and that he cracked the cell door window glass before the Defendants
16 responded. There are no facts suggesting the Defendants were motivated by anything
17 other than the disturbances Plaintiff caused. The mere possibility that the Defendants
18 were motivated by Plaintiff's legal claims or grievances is not sufficient to state a claim.
19 Iqbal, 129 S.Ct. at 1949-50. Plaintiff has not identified facts to support his conclusion
20 that the Defendants were motivated by his exercise of First Amendment protected rights.
21 As such, it fails to state a claim.

22     The Court will grant Plaintiff leave to amend. To state a claim Plaintiff must
23 identify each adverse act, the Defendant responsible, and explain how the protected
24 conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct."
25 Brodheim, 584 F.3d at 1271. Although it can be difficult to establish the motive or intent
26 of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at
27 1289 (finding that a prisoner established a triable issue of fact regarding prison officials'
28 retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines

v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

### E. Slander

Defendant Dackerman allegedly reported in a medical document, referring to Plaintiff, "'Patient stated he is no longer a rapist, but is not.'" (Compl. at 6.) Plaintiff maintains that he is not a rapist and asserts a slander claim based on the false statement. Slander is not cognizable under 42 U.S.C. § 1983. Hollister v. Tuttle, 210 F.3d 1033, 1036 (9th Cir. 2000) ("There is no civil rights action for slander.") (citing Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986)).

The Court will not address the viability of Plaintiff's allegations of a state law claim because it will not exercise supplemental jurisdiction over such claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Moreover, if Plaintiff were to pursue his state law claims, he must clearly identify each claim and demonstrate compliance with the California Tort Claims Act. Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974). Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004). Failure to

demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of Plaintiff's state law claims. Id.

## V. **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed October 23, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 27, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE